IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICARDO A. BALLESTEROS, #06156-104, A/K/A Alejandro Alvarez, Plaintiff, | § § § § § | |
| v. | § § | CIVIL CASE NO. 3:17-CV-2856-C-BK |
| FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On October 18, 2017, Plaintiff, a federal inmate in Folkston, Georgia, filed his *Complaint Against Federal Deposit Insurance Corporation for Intentionally Defraud the Plaintiff in $332,043 and Using Federal Courts to Defraud Plaintiff,* along with motions for leave to proceed *in forma pauperis* and for issuance and service of summons. Doc. 3; Doc. 4; Doc. 5. For the reasons that follow, it is recommended that this *pro se* prisoner action be summarily **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or

failing to state a claim). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson* , ___ U.S. ___, 135 S. Ct. 1759 (2015)).

Plaintiff has accrued three strikes under section 1915(g). Before this lawsuit was filed, the United States District Court for the Southern District of Florida dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e) two non-habeas civil actions that Plaintiff filed while he was confined as a federal inmate or detainee. *See Ballesteros v. J.P. Morgan Chase*, 1:16-CV-20279 (S.D. Fl. Feb. 2, 2016) (denying motion to proceed *in forma pauperis* and dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2) because it "has no arguable basis in law or in fact"); *Ballesteros v. Moore*, 1:16-CV-22828 (S.D. Fl. Jul. 11, 2016), *Order Accepting Recommendation* (S.D. Fl. Jul. 28, 2016) (dismissing complaint with prejudice for failure to state a claim). The United States Court of Appeals for the Eleventh Circuit also dismissed as frivolous a civil appeal that Plaintiff filed while he was confined as a federal inmate. *See Ballesteros v. J.P. Morgan Chase*, Appeal No. 16-17462 (11th Cir. Oct. 12, 2017) (finding under 28 U.S.C. §1915(e)(2)(B)(i) "that the appeal is frivolous.").

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Here, Plaintiff asserts the FDIC defrauded him and conspired with the prosecutor in his underlying criminal case. Doc. 3 at 1-2. Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

Accordingly, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.[1]

**SIGNED** November 6, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] A $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE